Argued December 1, decided December 22, 1908.

## SCHOOL DIST. NO. 61. v. SCHOOL DIST. NO. 32.

[98 Pac. 523.]

SCHOOLS AND SCHOOL DISTRICTS — FORMATION OF NEW DISTRICT — "ASSETS."

1. Under Section 3365, B. & C. Comp., amended by Laws 1903, p. 125, relating to formation of new school districts and division of assets, and providing that assets shall include all school property and moneys belonging to the district at the time of division, the proceeds of a special tax for building and repairing, collected before the division, is included in the assets to be divided, and it is immaterial whether the amount due the new district is paid from the proceeds of the tax or from other funds.

SCHOOLS AND SCHOOL DISTRICTS—FORMATION OF NEW DISTRICT—DIVISION OF ASSETS.

2. If the proceeds of such tax was a trust fund, it would still be impressed with the trust in the hands of the new district and its payment to the new district would not be a diversion contrary to Section 3, Article IX, Constitution of Oregon, providing that every law imposing a tax shall state distinctly the object of the same to which only it shall be applied.

From Polk: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by plaintiff against defendant to recover $235 apportioned to plaintiff by the boards of directors of the two school districts, plaintiff and defendant, in pursuance of the provisions of Section 3365, B. & C. Comp., as amended in 1903 (Laws 1903, p. 125).

Plaintiff is a school district formed just prior to June 27, 1905, and includes territory which was originally

a part of. the defendant district; and it is alleged that prior to the creation of the new district, viz., on July 2, 1904, the defendant district, at a school meeting called for that purpose, levied a special tax of five mills on the dollar upon the property in the district for the purpose of repairing the schoolhouse and building an addition thereto; that after the organization of the plaintiff district, the boards of directors of the two districts met for the purpose of making an equitable division between the old and the new district of the assets and liabilities then existing. The result of such adjustment is shown by the minutes of the meeting, namely:

"West Salem, June 27, 1905.
"The directors of Dist. 32 and Dist. 61 met at the schoolhouse, and the directors of Dist. 61 agreed to accept $125 as their share of the property, and that Dist. 32· pay to Dist. 61 a special tax paid by the people set out of Dist. 32 into Dist. 61.
"E. Elliott, Clerk of Dist. 32."

It is conceded that the portion of the special tax paid by the people within the plaintiff district amounted to the sum of $110, and that the defendant now has that sum on hand. Defendant by its answer admits its liability for $125 of the sum sued for, but sets up by its answer the fact that the remaining $110 thereof is a part of the special tax as above mentioned. To this defense the plaintiff demurred, and the demurrer was sustained by the lower court and judgment rendered in favor of the plaintiff for the whole amount; and the defendant appeals.                    Affirmed.

For appellant there was a brief and oral arguments by *Mr. John H. McNary* and· *Mr. Webster Holmes.*

For respondent there was a brief and an oral argument by *Mr. Alva O. Condit.*

Mr. Justice Eakin delivered the opinion of the court.
There is no conflict as to the facts, but the defendant contends that, the tax being a special tax, it cannot be

lawfully used for any other purpose than that for which it was levied without violating the provisions of Section 3, Article IX, Constitution of Oregon, which provides that "no tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

1. The only question involved is whether the board of directors of district No. 32 can lawfully pay over to the new district created out of its territory, the new district's *pro rata* of said tax money levied and collected for building purposes. We deem the consideration of this question unimportant. Even if the tax money is considered as a building fund, plaintiff district's claim upon it is the same as if it were already expended in such building; and, in that event, it would constitute an additional asset subject to division with the new district, and the result would be the same. The defendant would still have to pay to plaintiff in money, its share of the value of the improvement. The statute provides: "Assets shall include all school property and moneys belonging to the district at the time of the division." Thus the tax money is included in the assets for which the new district must be compensated; and this is all that the two boards of directors attempted to adjust. Hence it is immaterial to the plaintiff whether the amount is paid from the tax money or from some other fund.

2. However, payment to plaintiff of this portion of the tax money is not necessarily a diversion of it to a different purpose. If it is a trust fund for building purposes, it would still be impressed with the trust in the hands of the board of the new district. The division of the property by the two boards is evidently an equitable division of the assets of the old district, and this judgment requires only the payment of the debt, and does not determine the fund from which it is to be paid.

We find no error in the ruling of the lower court; and the judgment is affirmed.                                    Affirmed.